UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIO WILSON,

Plaintiff,

v.

POOR,

Defendants.

Case No. C19-5920 BHS-TLF

REPORT AND RECOMMENDATION

Noted for September 25, 2020

This matter comes before the Court on defendant's motion to dismiss. Dkt. 12. Instead of filing a response to the defendant's motion to dismiss, plaintiff filed a motion for leave to amend the complaint. Dkt. 14. Plaintiff has also filed a motion for appointment of counsel. Dkt. 15. Defendant has opposed plaintiff's motions for appointment of counsel and for leave to amend the complaint. Dkt. 16, 17. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the Court should GRANT defendant's motion to dismiss (Dkt. 12), GRANT plaintiff's motion for leave to amend (Dkt. 14) and DENY plaintiff's motion for appointment of counsel (Dkt. 15).

FACTUAL BACKGROUND

Plaintiff is currently an inmate housed at Coyote Ridge Corrections Center. Plaintiff alleges that the facts underlying the complaint occurred while he was at Stafford Creek Corrections Center. Dkt. 5.

The complaint alleges that on May 5, 2019 plaintiff was having a conversation with kitchen staff at Stafford Creek Corrections Center. Dkt. 5 at 3. Plaintiff alleges that he was informing the kitchen staff that Ramadan began on May 6, 2019 and was requesting his last meal for the day. Dkt. 5 at 3. Plaintiff contends that defendant interjected into the conversation. Dkt. 5 at 3.

The complaint alleges that plaintiff informed the defendant that defendant's belief regarding Ramadan was incorrect. Dkt. 5 at 3. Plaintiff states that in response defendant "got in [plaintiff's] face and screamed as loud as he could 'GET THE FUCK OUT OF MY KITCHEN!'" Dkt. 5 at 3. Plaintiff also asserts that defendant threatened to assault plaintiff if he did not leave the kitchen. Dkt. 5 at 3. Finally, plaintiff alleges that correctional officers escorted plaintiff from the kitchen for his own safety and returned plaintiff to his unit. Dkt. 5 at 3.

DISCUSSION

A. Motion to Dismiss

Defendant's motion to dismiss alleges that plaintiff's complaint fails to allege sufficient facts to state a claim under Section 1983. Dkt. 12. The undersigned recommends that the Court grant defendant's motion for failure to state a claim.

When reviewing a Rule 12(b)(6) motion, the Court must accept as true "all well-pleaded allegations of fact in the complaint and construe them in the light most

favorable to the non-moving party." *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019) (internal quotations omitted). The Court is not required to accept legal conclusions couched as factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662 678 (2009). The Court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery,* 923 F.3d at 530.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678. A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft,* 556 U.S. at 678. A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Paratt v. Taylor,* 451 U.S. 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an

alleged wrong only if both of these elements are present. *Haygood v. Younger,* 768 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff's complaint does not identify what federally protected rights defendant's conduct allegedly violated. Dkt. 5. Plaintiff's complaint alleges that the defendant became angered that plaintiff corrected him, began screaming at plaintiff and threatened to assault plaintiff. Dkt. 5 at 3. However, the Ninth Circuit has held that the use of vulgar words, verbal harassment and verbal abuse by prison administrators are insufficient, without further conduct, to a state a constitutional deprivation under Section 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Accordingly, plaintiff's allegations of vulgar language and verbal harassment are insufficient without further factual development to state a cause of action under Section 1983.

For this reason, the Court should grant defendant's motion to dismiss and dismiss plaintiff's complaint without prejudice.

B. Motion for Leave to Amend

Instead of filing a response in opposition to defendants' motion to dismiss, plaintiff filed a motion for leave to amend the complaint and a proposed amended complaint. Dkt. 14. For the reasons set forth below, the Court should grant plaintiff leave to amend the complaint.

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Leave to amend should be freely given when

justice so requires. Fed. R. Civ. P. 15(a)(2); *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.").

The Court must consider five factors when determining the propriety for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at 1154: *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

There is no evidence indicating that plaintiff seeks to amend the complaint in bad faith or to cause undue delay. Further, plaintiff sought to amend the complaint shortly after being made aware of the deficiencies in his original complaint. Additionally, this is plaintiff's first motion seeking leave to amend the complaint. Further, as a pro se litigant, plaintiff's pleadings should be construed liberally. *Mangiaracina,* 849 F.3d at 1195. "Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel," *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987). A pro se plaintiff's pleading is ultimately held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Finally, defendant has not made a showing that the amended complaint would be futile. The Court acknowledges that defendant has raised a number of defenses to the merits of plaintiff's amended complaint. Yet, those defenses may be tested through discovery and potentially through motion practice, allowing the parties to fully brief the issues.

Accordingly, the Court should exercise its discretion to grant plaintiff leave to amend the complaint.

C. Motion for Appointment of Counsel

In addition to filing a motion for leave to amend the complaint, plaintiff also filed a motion for appointment of counsel. Dkt. 15. Defendant has opposed plaintiff's motion for appointment of counsel. Dkt. 16. For the reasons set forth below, the Court should deny plaintiff's motion for appointment of counsel.

No constitutional right exists to appoint counsel in a Section 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issues involved, and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand,* 113 F.3d at 1525.

Plaintiff has presented no evidence showing that he is likely to succeed on the merits of this action. Additionally, at this early stage of the litigation it is difficult to

assess the likelihood of success on the merits without further factual development. Further, plaintiff has not made a showing that his claims are particularly complex or that he is unable to articulate the factual basis of his claims *pro se*. Plaintiff's amended complaint and the affidavits attached in support of the motion demonstrates that plaintiff can sufficiently articulate the factual basis of his claims. Dkt. 14, 14-1.

While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Plaintiff contends that he has limited legal knowledge and limited access to the law library. Dkt. 15. However, these limitations alone, are insufficient to require appointment of counsel. *See, Woods v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998) (noting that contended exceptional factors were "difficulties which any litigant would have in proceeding pro se.").

Accordingly, the Court should deny plaintiff's motion for appointment of counsel (Dkt. 15) without prejudice.

## CONCLUSION

Based on the foregoing, the Court should GRANT defendant's motion to dismiss (Dkt. 12). The Court should GRANT plaintiff's motion for leave to amend the complaint (Dkt. 14) and DENY plaintiff's motion for appointment of counsel (Dkt. 15).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a

response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on September 25, 2020, as noted in the caption.

Dated this 11th day of September, 2020.

Theresa L. Fricke
United States Magistrate Judge