UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIO WILSON, | CASE NO. C19-5920 BHS-TLF |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| RICHARD POOR, | |
| Defendant. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 66, and Plaintiff Mario Wilson's Objections to the R&R, Dkt. 67.

**I.   BACKGROUND**

Plaintiff Mario Wilson is an inmate who was housed at Stafford Creek Corrections Center ("SCCC") in May 2019. Dkt. 37, ¶ 3. Defendant Richard Poor is a food service cook at SCCC. *Id.* ¶ 4. Wilson alleges that when he was housed at SCCC, he and Poor had a dispute regarding Ramadan and that Poor violated his religious rights by refusing to feed him consistent with religious practices during Ramadan and retaliated against him for trying to exercise his religious freedom by sending him back to his living unit without

a penological basis. *Id.* ¶¶ 6–10. Wilson asserts that through these actions, Poor violated his First Amendment and Due Process rights. *Id.* ¶ 11. He seeks declaratory relief, compensatory damages of $15,000, punitive damages of $25,000, and costs. *Id.* ¶¶ 20–26.

Wilson filed two grievances relevant to this case: one about being denied access to his Ramadan meal, Dkt. 43-2, and one related to Poor's alleged retaliation, Dkt. 37 at 18. He attached the second grievance, related to his retaliation claim, along with the denial of that grievance, his appeal, and SCCC's denial of his appeal, to his operative complaint. *See id.* at 18–22. It is undisputed that Wilson exhausted his retaliation claim. Wilson did not provide any evidence to suggest that he fully exhausted his religious access claim. It appears that the issue was internally resolved, and that Wilson voluntarily withdrew his grievance. *See* Dkt. 43-2 (grievance form stating "I'd like to drop this grievance issue resolved").

Poor moves for summary judgment on Wilson's religious access claim for failure to exhaust and moves to dismiss Wilson's retaliation claim for failure to state a claim. Dkt. 42. Wilson sought four extensions of time to respond to Poor's motion, three of which were granted. *See* Dkts. 45, 46, 47, 49, 50, 53, 56. The fourth was never granted because Wilson responded before its noting date. *See* Dkt. 57. Wilson responds in what he labels a "Cross/Motion for Summary Judgment and Plaintiff's Response to Defendant's Motion for Summary Judgment." *Id.* He argues that he effectively exhausted all of his claims against Poor in the retaliation grievance and that he plausibly stated a retaliation claim because he alleged that he engaged in protected religious activity by requesting his Ramadan meal, and Poor in turn threatened him and punished him for

engaging in such activity. *Id.* Wilson also moves the Court to take judicial notice of multiple statutes, federal rules, and discovery materials. Dkts. 54, 55.

The R&R recommends denying Wilson's motions for judicial notice, denying Wilson's fourth motion for extension of time as moot, granting Poor's motion for summary judgment on Wilson's religious access claim, denying Poor's motion to dismiss Wilson's retaliation claim, and denying Wilson's cross-motion for summary judgment. Dkt. 66. Each underlying motion, and the R&R's recommendations for each, is discussed in turn.

## II.  DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**A.     Judicial Notice**

Wilson requests that the Court take judicial notice of RCW 4.22.070; Federal Rules of Civil Procedure 33(b)(3), (5); Plaintiff's First Set of Interrogatories; Defendant's Response and Objections to those Interrogatories; Article I, Section 6 of the Washington State Constitution; and 18 U.S.C. § 1621. Dkts. 54, 55. The R&R recommends denying those requests, reasoning that none of these documents are subject to judicial notice. Dkt. 66 at 3–4. Wilson objects, arguing that the contents of the documents are "generally known" and "can be accurately and readily determined from sources whose accuracy

cannot reasonably be questioned." Dkt. 67 at 1–5 (quoting Federal Rule of Evidence 201(b)).

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts, not legislative facts. FRE 201(a). Statutes, constitutions, and the Federal Rules of Civil Procedure are all legislative facts that are not subject to judicial notice. *See, e.g.*, *Lemieux v. Cwalt, Inc.*, CV 15-77-BU-JCL, 2017 WL 365481, at *1 (D. Mont. Jan. 25, 2017); *see also Lucero v. Wong*, No. C 10-1339 SI (pr), 2011 WL 5834963, at *5 (N.D. Cal. Nov. 21, 2011) ("It is unnecessary to request that the court judicially notice published cases from [state] and federal courts as legal precedent[.]"). Discovery items such as interrogatories and responses to interrogatories are also not proper for judicial notice. *See, e.g.*, *United Safeguard Distribs. Ass'n, Inc. v. Safeguard Bus. Sys., Inc.*, 145 F. Supp. 3d 932, 942 (C.D. Cal. 2015).

The Court cannot and need not take judicial notice of state and federal statutes, the Washington State Constitution, the Federal Rules of Civil Procedure, interrogatories, or responses to interrogatories. The Court fully considers statutes, constitutional provisions, and federal rules cited by the parties when ruling on a motion. A party need not move the Court to take judicial notice of a statute or other legislative material; citing the statute or rule is sufficient to bring it before the Court. Similarly, a party can properly present evidence in response to a summary judgment motion without requesting the Court take judicial notice of that evidence.

The Court fully considered all statutes, rules, constitutional provisions, and evidence cited by both parties in this case. Judicial notice is therefore unnecessary, the

1  R&R is ADOPTED on this point, and Wilson's motions for judicial notice, Dkts. 54, 55,
2  are DENIED as moot.

3  **B.    Extension of Time**

4  Wilson moves for a fourth extension of time to respond to Poor's Motion for Summary Judgment and Motion to Dismiss, arguing that he had not received some property that would allow him "to produce his claim in full." Dkt. 56 at 1. The R&R recommends denying that motion because Wilson subsequently filed a Cross-Motion for Summary Judgment and Response, Dkt. 57. Dkt. 66 at 3. Wilson objects, arguing that he was missing property that contained parts of his legal work and which was needed to meet the response deadline. Dkt. 67 at 5.

11 As explained further below, the Court is dismissing Wilson's religious access claim for failure to exhaust. There is no suggestion that anything Wilson could have obtained or will obtain will change the fact that he withdrew his grievance and that his religious access claim was internally resolved. Further, he did not raise any arguments regarding that "legal work" in his Objections. His motions for judicial notice are also flawed and no "legal work" can change that. Insofar as Wilson needed this "legal work" to effectively move for summary judgment, the Court interprets his cross-motion as a response. He may still move for summary judgment if he chooses to do so.

19 Therefore, the R&R is ADOPTED as to Wilson's Fourth Motion for Extension of Time and the motion, Dkt. 56, is DENIED as moot.

### C. Poor's Motion for Summary Judgment and Motion to Dismiss

Poor moves for summary judgment on Wilson's religious access claim, arguing that Wilson failed to exhaust his administrative remedies. Dkt. 42 at 7–9. He also moves to dismiss Wilson's retaliation claim, arguing that Wilson did not suffer any adverse action and that any action Poor took was justified by a legitimate penological purpose. Dkt. 42 at 10–11. The R&R recommends granting Poor's motion for summary judgment on Wilson's religious access claim because Wilson failed to exhaust his administrative remedies. Dkt. 66 at 5–11. It recommends denying Poor's motion to dismiss Wilson's retaliation claim because Wilson successfully stated a plausible claim. *Id.* at 11–14. Wilson objects to the recommended dismissal of his religious access claim, arguing that he properly exhausted all available remedies. Dkt. 67 at 5–7. Poor did not object to the R&R's recommended denial of his motion to dismiss Wilson's retaliation claim.

Wilson concedes that he withdrew the grievance regarding his Ramadan meal and asserts that that grievance was about another staff member. Dkt. 67 at 5. He argues, however, that he intended to raise all claims against Poor in his fully exhausted grievance, including his religious access claim. *Id.* His grievance against Poor does not mention anything about being denied a Ramadan meal, rather it asserts only that Poor interrupted him when he was talking about the start of Ramadan, that Poor got angry with him, and that Poor screamed at him to get out of the kitchen and threatened him. *See* Dkt. 37 at 18. Wilson did not administratively exhaust his religious access claim.

Therefore, the R&R is ADOPTED as to Poor's Motion for Summary Judgment and Motion to Dismiss. Poor's Motion for Summary Judgment on Wilson's religious

access claim is GRANTED and his Motion to Dismiss Wilson's retaliation claim is DENIED. Wilson's religious access claim is DISMISSED without prejudice.

**D.    Wilson's Cross-Motion for Summary Judgment**

Wilson filed a document that he titled "Cross/Motion for Summary Judgment and Plaintiff's Response to Defendant's Motion for Summary Judgment." *See* Dkt. 57. While the document is partially labeled as a cross-motion for summary judgment, the R&R treated the "motion" as a response because it does not request that the Court grant summary judgment in Wilson's favor, but just responds to Poor's motion and asks the Court to strike that motion. Dkt. 66 at 15. The Court agrees that the brief is not a summary judgment motion and rather interprets it as a response to Poor's motion. On that point, the R&R is ADOPTED. To the extent Wilson sought summary judgment on his claims, that motion, Dkt. 57, is DENIED.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, orders as follows:

(1)    The R&R is **ADOPTED**;

(2)    Wilson's Motions for Judicial Notice, Dkts. 54, 55, are **DENIED as moot**;

(3)    Wilson's Fourth Motion for Extension of Time, Dkt. 56, is **DENIED as moot**;

(4)    Poor's Motion for Summary Judgment and Motion to Dismiss, Dkt. 42, is **GRANTED in part and DENIED in part**;

(5)    Wilson's Cross-Motion for Summary Judgment, Dkt. 57, is **DENIED**; and

(6)    Wilson's religious access claim is **DISMISSED without prejudice**.

Dated this 24th day of May, 2022.

BENJAMIN H. SETTLE
United States District Judge