UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIO WILSON,

          Plaintiff,

  v.

RICHARD POOR,

          Defendant.

CASE NO. C19-5920 BHS-TLF

ORDER

This matter comes before the Court on Magistrate Judge Theresa L. Fricke's Report and Recommendation ("R&R"), Dkt. 81, both parties' objections to that R&R, Dkts. 83, 91, and Plaintiff Mario Wilson's Request for Judicial Notice, Dkt. 90, and Motion for Extension of Time, Dkt. 92.

**I. BACKGROUND**

Wilson sued Defendant Richard Poor in 2019, alleging that Poor violated his constitutional rights when he threatened him and ordered him out of the prison kitchen at Stafford Creek Corrections Center ("SCCC") after Wilson requested a Ramadan meal. *See* Dkt. 37. He alleges that after arguing with Poor and another staff member about access to the meal, Wilson threatened to file a grievance. *Id.* Poor then allegedly ordered

1  him out of the kitchen and threatened him, saying: "Get the fuck out of my kitchen" or he
2  would "beat [Wilson's] ass." *Id.*; Dkt. 43 at 46.
3      Poor agrees that he ordered Wilson out of the kitchen but asserts that he did so to
4  de-escalate a tense situation. Dkt. 71 at 2. He disputes ever threatening Wilson but
5  acknowledges that he told another officer that he needed to remove Wilson "before we
6  have a problem." Dkt. 43-3 at 5.
7      The Court previously dismissed Wilson's free exercise claim, which was based on
8  Poor allegedly denying him access to his Ramadan meal, for failure to exhaust. *See* Dkt.
9  73. Judge Fricke reads Wilson's pro se complaint as asserting two other First Amendment
10 claims. Neither party disputes her interpretation, and the Court agrees that it is in line
11 with Wilson's complaint. First, Wilson argues that Poor retaliated against him for
12 exercising his right to obtain a Ramadan meal by ordering him out of the kitchen.
13 Second, Wilson argues that Poor retaliated against him for exercising his right to file a
14 grievance by threatening physical violence against him.
15     Poor moves for summary judgment on Wilson's retaliation claims, arguing that
16 they fail because ordering Wilson out of the kitchen does not amount to retaliation and
17 because, even if it did amount to retaliation, he is entitled to qualified immunity. Dkt. 71.
18 He also argues that Wilson is not entitled to either compensatory or punitive damages. *Id.*
19 Wilson filed a cross motion for summary judgment, which reads more like a response
20 than a motion for summary judgment. Dkt. 74.
21     Judge Fricke recommends that the Court deny both motions, concluding that Poor
22 is entitled to qualified immunity for Wilson's retaliation claim based on being ordered

out of the kitchen, but not for his retaliation claim based on Poor's alleged threats. Dkt. 81. Poor objects, arguing that Judge Fricke failed to address his arguments regarding the plausibility of Wilson's remaining retaliation claim and his right to damages. Dkt. 83.

Just before Judge Fricke issued her R&R, Wilson moved for a judgment on the pleadings. Dkt. 80. Wilson also filed a motion for an extension of time to object to Judge Fricke's R&R, Dkt. 84, a motion for a temporary restraining order, Dkt. 85, a request for judicial notice,[1] Dkt. 90, objections, Dkt. 91, and a second motion for extension of time, Dkt. 92. This Court granted his first motion for extension of time, Dkt. 84, and denied his motion for a temporary restraining order, Dkt. 85. Dkt. 87. The other motions remain pending.

## II.  DISCUSSION

### A.  Motion for Extension of Time

Wilson seeks additional time, though he does not say in relation to which filing. Dkt. 92. He claims that he was taken to the segregation unit on November 29, 2022, that he does not have any of his legal documents, and that he is unaware of how long it will be until he receives his legal work or until he is released from segregation. *Id.* Objections to Judge Fricke's R&R were due on October 14, 2022—well before Wilson was placed in

---

[1] Wilson asks the Court to take judicial notice of Article VI of the United States Constitution; the Preamble to the Bill of Rights; a section of a legal treatise; *Marbury v. Madison*, 5 U.S. 137 (1803); and a section of his cross-motion for summary judgment quoting the Prison Litigation Reform Act. Dkt. 90. The Court need not take judicial notice of any of these documents, all of which it considers when cited by the parties. Wilson's motion, Dkt. 90, is therefore DENIED as moot.

ORDER - 3

segregation. *See* Dkt. 81. Moreover, Wilson objected to that R&R.[2] Dkt. 91. To the extent Wilson seeks more time to object to Judge Fricke's R&R, that motion is DENIED.

To the extent Wilson seeks more time to object to the Court's denial of his motion for a temporary restraining order, Dkt. 87, the motion is GRANTED. Wilson may object to that order by January 27, 2023. Wilson's motion for judgment on the pleadings is not noted until January 27, 2023, and Poor has yet to respond. Thus, Wilson does not need more time to file anything in relation to that motion.

**B.   R&R and Objections**

Judge Fricke recommends denying both parties' cross motions for summary judgment. Dkt. 81. She concludes that Poor is entitled to qualified immunity as to Wilson's first retaliation theory—being ordered out of SCCC's kitchen—but not as to his second retaliation theory—Poor threatening Wilson for filing a grievance. *Id.* Poor objects, arguing that Judge Fricke failed to consider his other two arguments after concluding he is not qualifiedly immune. Dkt. 83. Namely, he argues she failed to consider his argument that his actions did not amount to retaliation as a matter of law and that Wilson is not entitled to compensatory or punitive damages as a matter of law. *Id.* Wilson also objects, arguing that Poor's objections were untimely. Dkt. 91.

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

---

[2] Wilson's objections were untimely but will nevertheless be considered.

the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Neither party objects to Judge Fricke's conclusions on qualified immunity, and the Court agrees with her recommendation on that issue. Therefore, the R&R is ADOPTED on that issue.

As to Wilson's objection, Poor timely objected to Judge Fricke's R&R. Although it is somewhat unclear, it seems that Wilson may have been suggesting that Poor untimely objected to Judge Fricke's previous R&R, Dkt. 66, and the Court's order adopting that R&R, Dkt. 73. Poor's objections are aimed at Judge Fricke's more recent R&R, Dkt. 81, and objections were to be filed by October 14, 2022. Poor filed his objections on October 12, 2022. Dkt. 83. His objections were timely, and Wilson's objection, Dkt. 91, is therefore OVERRULED.

The remaining questions are (1) whether there exists a disputed issue of material fact as to whether Poor's alleged threats amounted to retaliation; and (2) whether Wilson could be entitled to compensatory and/or punitive damages.

      **1.**     **Retaliation**

As an initial matter, Poor does not advance any arguments in his motion for summary judgment regarding Wilson's second theory of retaliation—that Poor retaliated against him by threatening him with violence for threatening to file a grievance. *See* Dkt. 71 at 4–6. Instead, that portion of his motion focuses on Wilson's first theory of retaliation—that Poor retaliated against him by ordering him out of SCCC's kitchen. *Id.*

ORDER - 5

The same is true for Poor's response to Wilson's motion. *See* Dkt. 76 at 1–2. Thus, it is unsurprising that Judge Fricke did not address this issue in her R&R.

In his objections, Poor argues that Wilson's claims that Poor threatened him "are not supported by his own grievance record." Dkt. 83 at 3. He further argues that Wilson failed "to present facts to support his claim [that] filing a grievance was a motivating reason for Poor'[s] actions" and that he failed "to create a genuine issue of material fact with respect to all five elements of retaliation." *Id.* at 4.

Poor's arguments were raised for the first time in his objections. "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). "[T]he district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* Courts in this circuit have held that that same rule applies to arguments raised for the first time in objections. *See Aguilar v. Shinn*, No. CV-19-00359-TUC-JGZ, 2022 WL 3921116, at *1 (D. Ariz. Aug. 31, 2022); *see also Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2022) (applying the same rule to a habeas claim raised for the first time in objections to an R&R).

Judge Fricke did not allow the parties in this case to respond to the opposing party's objections. *See* Dkt. 81. Therefore, Poor raising this argument in his objections is analogous to raising a new argument in a reply brief; Wilson has had no chance to consider his argument or respond to it. *Cf. United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts "ordinarily decline to consider arguments raised for the first time in a reply brief"). Moreover, Wilson is a pro se litigant who is currently imprisoned

and has complained about having appropriate access to his legal documents. Considering Poor's new arguments would be prejudicial to Wilson.

The Court therefore will not consider Poor's new arguments at this juncture. They were raised for the first time in objections and Wilson has had no opportunity to respond. To that extent, Poor's objections are OVERRULED.

**2.     Damages**

Poor argues that, as a matter of law, Wilson is not entitled to any punitive or compensatory damages. Dkt. 71 at 7–8. He argues that Wilson is not entitled to punitive damages because "there is no evidence showing any evil intent or reckless disregard for Wilson's protected rights." *Id.* at 7. He also argues that Wilson is not entitled to compensatory damages because he has not alleged any physical injury or other harm for which he could be compensated. *Id.* at 7–8. Thus, according to Poor, if Wilson succeeds, he would be entitled to only nominal damages. *Id.* at 8.

Wilson argues that "[e]very right when withheld must have a remedy, and every injury its proper redress." Dkt. 74 at 12. He also cites *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998), for the proposition that "[t]he deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." Dkt. 74 at 11.

Poor responds, arguing that Wilson failed to explain how he reached his claimed punitive and compensatory damages amounts, failed to support his allegation that Poor's actions were motivated by evil intent, and failed to articulate any claim for physical injury or any other type of compensable harm. Dkt. 76 at 3–4. In his response, Wilson

ORDER - 7

argues that he "provides justification for why damages are appropriate as Poor's actions were motivated by evil intent, and evidence supports that Poor's actions were 'oppressively done,' and involved reckless and callous indifference to the federally protected rights of others." Dkt. 77 at 5.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-movant must produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

"A jury may award punitive damages under section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (internal quotations omitted). "A section 1983 punitive damages claim is subject to summary adjudication 'where plaintiff fails to produce evidence raising a material question of [f]act regarding aggravating circumstances or the reckless or callous nature of defendant's actions.'" *Megargee v. Wittman*, 550 F. Supp. 2d 1190, 1214 (E.D. Cal. 2008) (quoting *Kyle v. Patterson*, 196 F.3d 695, 698 (7th Cir. 1999)).

Poor did not satisfy his initial burden as the moving party to show that there is no evidence to support Wilson's claim for punitive damages. His motion is devoted to arguing that Wilson failed to establish that punitive damages are proper for his retaliation claim based on being ordered out of the kitchen. *See* Dkt. 71 at 7. He does not explain any lack of evidence for Wilson's claim alleging that Poor threatened violence against him. *Id.* The same is true for his response to Wilson's motion. *See* Dkt. 76 at 3–4. For the same reasons as stated above, the Court will not consider arguments Poor raised for the first time in his objections to Judge Fricke's R&R.

Furthermore, at the very least, a genuine issue of fact exists as to Poor's intentions. Taking Wilson's version of events as true, it is hard to imagine what good intention Poor would have had in threatening physical violence against Wilson. While it may be true that, in ordering him out of the kitchen, Poor was trying to deescalate a tense situation, threatening physical violence would potentially have the opposite effect. A reasonable jury could certainly conclude that Poor had evil intent in threatening physical violence against Wilson or that he acted with a reckless or callous indifference to Wilson's First Amendment rights. Therefore, Poor's motion is DENIED as to punitive damages.

As to compensatory damages, the Court agrees with Poor that Wilson does not assert any physical or emotional injury that would give rise to compensatory damages. Therefore, Poor's motion is GRANTED as to compensatory damages. Wilson's claim for compensatory damages is DISMISSED with prejudice.

### III.  CONCLUSION

Therefore, it is hereby **ORDERED** as follows:

(1) Judge Fricke's R&R, Dkt. 81, is **ADOPTED**;

(2) Defendant Richard Poor's Motion for Summary Judgment, Dkt. 71, is

**GRANTED in part and DENIED in part**;

(3) Plaintiff Mario Wilson's Motion for Summary Judgment, Dkt. 74, is **DENIED**;

(4) Wilson's claim for compensatory damages is **DISMISSED with prejudice**;

(5) Wilson's Request for Judicial Notice, Dkt. 90, is **DENIED as moot**;

(6) Wilson's Motion for Extension of Time, Dkt. 92, is **DENIED in part and GRANTED in part**;

(7) Wilson may object to the Court's order denying his motion for a temporary restraining order, Dkt. 87, by **January 27, 2023**; and

(8) The Clerk is directed to send a copy of this order to Wilson.

Dated this 3rd day of January, 2023.

BENJAMIN H. SETTLE
United States District Judge