UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| MARIO WILSON, | |
|---|---|
| Plaintiff, | Case No. 3:19-cv-05920-BHS-TLF |
| v. | REPORT AND RECOMMENDATION |
| POOR, | |
| Defendants. | NOTED FOR FEBRUARY 24, 2023 |

This matter comes before the Court on plaintiff's motions for temporary restraining order requesting that his legal materials be provided to him. Dkts. 97, 101, 102. Among the considerations applicable to a motion for preliminary relief is whether the motion seeks relief related to a claim brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). This principle is dispositive of the pending motions for the reasons discussed below.

Plaintiff is a prisoner who is unrepresented by counsel and proceeding *in forma pauperis*. At the time he filed this lawsuit, he was housed at Stafford Creed Corrections Center ("SCCC"). He was transferred to the Washington State Penitentiary ("WSP"), where he is currently confined, on January 3, 2023.

REPORT AND RECOMMENDATION - 1

In this 42 U.S.C. § 1983 action, plaintiff alleges that on May 5, 2019, defendant "became" enraged" when plaintiff tried to explain his need to obtain a Ramadan meal. Plaintiff alleges that defendant "subjected the plaintiff to his religious interpretation," thereby violating plaintiff's religious freedom. When plaintiff threatened to file a grievance against defendant, defendant allegedly threatened him with bodily harm and sent plaintiff back to his living unit. *See* Dkt. 37 (Plaintiff's Amended Complaint).

Plaintiff, as a result, brought two First Amendment claims. First, plaintiff argues that defendant retaliated against him for exercising his right to obtain a Ramadan meal by ordering him out of the kitchen. Second, plaintiff argues that defendant retaliated against him for exercising his right to file a grievance by threatening physical violence against him. On January 3, 2023, the Court adopted the Report and Recommendation, and granted in part and denied in part the defendant's summary judgment motion; denied plaintiff's summary judgment motion; and dismissed plaintiff's claim for compensatory damages. Dkt. 94, at 5, 10-11.

In his pending motions for preliminary injunctive relief, plaintiff alleges that WSP employees are withholding plaintiff's legal materials. Dkts. 97, 101. He further alleges that he is subject to harassment and cell searches in retaliation for requesting his legal documents. Dkt. 102.

Plaintiff was transferred from Coyote Ridge Corrections Center to the WSP on January 3, 2023. Kitzi Brannock, a correctional specialist at the WSP, states that currently, it is taking about a month to process incoming property and issue the property to the inmate. Dkt. 100 (Declaration of Kitzi Brannock) at ¶ 5. Plaintiff has also had priority law library access through January 27, 2023. *Id.* at ¶7.

With respect to plaintiff's allegation that he was subject to cell searches and harassment in retaliation for requests for his legal documents, defendant alleges that plaintiff was given an infraction on January 6, 2023, after correctional officers found an altered keyboard and fan with scratched out DOC inmate numbers. Dkt. 105-1 at 4.

None of the staff mentioned in plaintiff's motions are defendants in this lawsuit. Nor are the claims regarding WSP's staff restricting plaintiff's access to his legal materials or conducting cell searches in retaliation of plaintiff's request for his legal materials part of this lawsuit. Plaintiff's allegations in his motions appear to seek relief from persons who are not defendants in this lawsuit, and the Court lacks jurisdiction to grant plaintiff's requested relief. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

Thus, plaintiff's motions for preliminary injunctive relief should be DENIED. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **February 24, 2023**, as noted in the caption.

Dated this 9th day of February, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTED FOR FEBRUARY 24, 2023 - 4