UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIO WILSON,

                Plaintiff,

v.

RICHARD POOR,

                Defendants.

Case No. 3:19-cv-05920-BHS-TLF

REPORT AND RECOMMENDATION

NOTED FOR MARCH 10, 2023

This matter comes before the Court on plaintiff's motion for judgment on the pleadings (Dkt. 80). For the reasons discussed below, the undersigned recommends that the Court DENY plaintiff's motion.

<u>DISCUSSION</u>

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In

REPORT AND RECOMMENDATION - 1

1  reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be
2  accepted] as true and construe[d] ... in the light most favorable to the non-moving
3  party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).
4        In determining whether a complaint states a cognizable claim under Rule 12(c),
5  courts apply the same legal standards applicable to motions brought under Rule
6  12(b)(6). *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047,
7  1054, n.4 (9th Cir. 2011) ("we have said that Rule 12(c) is functionally identical to Rule
8  12(b)(6) and that the same standard of review applies to motions brought under either
9  rule"). "Factual allegations must be enough to raise a right to relief above the
10 speculative level, on the assumption that all the allegations in the complaint are true
11 even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
12 Judgment on the pleadings is appropriate when there are no disputes as to material
13 facts, or when the facts are insufficient to support a cognizable legal theory, *Hal Roach
14 Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989);
15 *Balistreri*, 901 F.2d at 699.
16       Here, plaintiff argues that he should be entitled to a judgment on the pleadings
17 because he has met two requirements to state claim under Section 1983. Plaintiff, in his
18 Section 1983 complaint, alleges that his religious freedom was violated when plaintiff
19 tried to explain his need for a Ramadan meal but defendant "became enraged." Plaintiff
20 claims that when he threatened to file a grievance against defendant, he was
21 threatened with bodily harm and sent back to his living unit. As a result, plaintiff seeks
22 $15,000 in compensatory damages and $25,000 in punitive damages.
23
24
25

NOTED FOR MARCH 10, 2023 - 2

On January 3, 2023, this Court found that there were genuine issues of material fact precluding summary judgment for plaintiff's retaliation claim and request for punitive damages. Dkt. 94. In light of the fact that the Court has ruled there are genuine issues of material fact, plaintiff's motion for judgment on the pleadings should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 10, 2023, as noted in the caption.

Dated this 23rd day of February, 2023.

Theresa L. Fricke
United States Magistrate Judge