UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIO WILSON,

                Plaintiff,

    v.

POOR,

                Defendants.

Case No. 3:19-cv-05920-BHS-TLF

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (Dkt. 122); DECLINING TO CONSIDER PLAINTIFF'S LATE-FILED SUMMARY JUDGMENT MOTION AND STRIKING DKT. 117

      This matter comes before the Court on Defendant Richard Poor's motion to strike Plaintiff Mario Wilson's second motion for summary judgment (Dkt. 117). *See* Dkt. 122. For the reasons discussed below, the Court STRIKES Plaintiff's motion for summary judgment as untimely.

      On May 3, 2022, the Court granted Defendant's motion for extension of time to file a dispositive motion; the dispositive motion deadline was extended to June 3, 2022. Dkt. 70. The parties were informed in the Pretrial Scheduling Order that deadlines would not be extended by the Court except upon application to the Court with a showing of good cause. Dkt. 41.

      On May 20, 2022, Defendant moved for summary judgment. Dkt. 71. On June 15, 2022, Plaintiff filed a cross-motion for summary judgment. Dkt. 74. On January 27, 2023, the Court denied Plaintiff's motion for summary judgment and dismissed his claim for compensatory damages with prejudice. Dkt. 94.

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE; DECLINING TO CONSIDER PLAINTIFF'S LATE-FILED SUMMARY JUDGMENT MOTION; AND STRIKING DKT. 122 - 1

With respect to Defendant's motion for summary judgment, the Court granted in part and denied in part Defendant's motion. *Id.* The Court held that Defendant was entitled to qualified immunity for Plaintiff's retaliation claim based on being ordered out of the kitchen, but not for his retaliation claim based on Defendant's alleged threats of violence against Plaintiff for threatening to file a grievance. *Id.* at 5. Further, the Court denied Defendant's motion for summary judgment as to Plaintiff's claim for punitive damages. *Id.* at 10.

On February 22, 2023, Plaintiff moved for summary judgment, again. His motion summarizes the Court's analysis in its previous order on the parties' summary judgment motions. Dkt. 117. This Court declines to review Plaintiff's motion for summary judgment -- it is untimely. While the court must construe pro se motions and pleadings liberally in the pro se litigant's favor, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Plaintiff filed this motion more than eight months after the dispositive motion deadline. He did not file a motion to extend time to file this motion or indicate otherwise that he has good cause to file this motion well past the Court-mandated deadline.

Thus, finding Plaintiff's motion for summary judgment untimely, filed with no showing of good cause for being late, and without seeking any extension of time, the Court STRIKES the motion.

Dated this 26th day of April, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE; DECLINING TO CONSIDER PLAINTIFF'S LATE-FILED SUMMARY JUDGMENT MOTION; AND STRIKING DKT. 122 - 3