1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIO WILSON,

                        Plaintiff,

        v.

RICHARD POOR,

                        Defendant.

CASE NO. C19-5920 BHS-TLF

ORDER ADOPTING REPORT
AND RECOMMENDATION

13      This matter comes before the Court on Magistrate Judge Theresa L. Fricke's

14   Reports and Recommendations ("R&Rs"), Dkts. 111, 119, 128, and Plaintiff's objections

15   to the R&Rs, Dkt. 134.

16      Wilson sued Defendant Richard Poor in 2019, alleging that Poor violated his

17   constitutional rights when he threatened him and ordered him out of the prison kitchen at

18   Stafford Creek Corrections Center ("SCCC") after Wilson requested a Ramadan meal.

19   *See* Dkt. 37. He alleges that, after arguing with Poor and another staff member about

20   access to the meal, Wilson threatened to file a grievance. *Id.* Poor then allegedly ordered

21   him out of the kitchen and threatened him, saying: "Get the fuck out of my kitchen" or he

22   would "beat [Wilson's] ass." *Id.*; Dkt. 43 at 46.

ORDER - 1

1    Poor agrees that he ordered Wilson out of the kitchen but asserts that he did so to

2    de-escalate a tense situation. Dkt. 71 at 2. He disputes ever threatening Wilson but

3    acknowledges that he told another officer that he needed to remove Wilson "before we

4    have a problem." Dkt. 43-3 at 5.

5    Wilson asserted three First Amendment claims. The first, a claim that Poor

6    violated his free exercise rights by denying Wilson access to his Ramadan meal, was

7    dismissed for failure to exhaust. *See* Dkt. 73. The second, a claim that Poor retaliated

8    against Wilson for exercising his right to obtain a Ramadan meal, was dismissed on

9    qualified immunity grounds. Dkt. 94. The Court also dismissed Wilson's claim for

10   compensatory damages. *Id.* Wilson's third claim, that Poor retaliated against him for

11   exercising his right to file a grievance, is the only remaining claim. On that claim, Wilson

12   can potentially recover only punitive damages.

13   Wilson has filed several motions for temporary restraining orders ("TROs")

14   alleging that prison officials are withholding his legal documents. *See* Dkts. 85, 97, 101,

15   102. The Court, at Judge Fricke's recommendation, also interprets his pending motion for

16   supplemental pleading, Dkt. 103, as yet another request for a TRO. Dkts. 128, 129. Judge

17   Fricke recommends denying Wilson's four most recent TRO motions, Dkts. 97, 101, 102,

18   103, because the requested relief is not contained in his complaint and the individuals

19   against whom relief is sought are not named defendants. Dkts. 111, 128.

20   In a separate R&R, Judge Fricke also recommends denying Wilson's Motion for

21   Judgment on the Pleadings, Dkt. 80, because the Court, in ruling on the parties' cross-

22

1  motions for summary judgment, already ruled that there are genuine issues of material

2  fact. Dkt. 119.

3       Wilson objects to Judge Fricke's R&Rs, arguing that his TRO motions relate to

4  the claims in this case because he cannot adequately represent himself without access to

5  his legal documents. Dkt. 134.

6       A district judge must determine de novo any part of the magistrate judge's

7  disposition to which a party has properly objected. The district judge may accept, reject,

8  or modify the recommended disposition; receive further evidence; or return the matter to

9  the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection

10  requires specific written objections to the findings and recommendations in the R&R.

11  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

12       Nevertheless, objections to an R&R are not an appropriate vehicle to rehash or re-

13  litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel*

14  *LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8,

15  2021) ("Because the Court finds that nearly all objections are merely a rehash of

16  arguments already raised and decided upon by the Magistrate Judge, the Court will not

17  address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL

18  7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's

19  report and recommendation when "all of [plaintiff's] objections simply rehash arguments

20  contained in his amended opening memorandum or in his reply memorandum").

21       As courts in other districts have recognized and explained, such re-litigation is not

22  an efficient use of judicial resources. There is no benefit to the judiciary "if the district

ORDER - 3

1    court[] is required to review the entire matter *de novo* because the objecting party merely

2    repeats the arguments rejected by the magistrate. In such situations, this Court follows

3    other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No.

4    CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at \*1 (D. Mont. Oct. 14, 2009). In short,

5    an objection to a magistrate judge's findings and recommendations "is not a vehicle for

6    the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-

7    H-DLC-JTJ, 2018 WL 830142, at \*1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life &*

8    *Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at \*1 (D. Mont. June 23,

9    2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019

10    WL 7019414, at \*4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash

11    claims asserted in the Petition, which the magistrate judge has already addressed in the

12    R&R, are not sufficient under Fed. R. Civ. P. 72.").

13       Judge Fricke adequately addressed Wilson's motions and his objections do not

14    raise any new arguments. The Court agrees with Judge Fricke that it cannot issue an

15    injunction against individuals not named in Wilson's complaint or for relief not sought in

16    Wilson's complaint. The Court acknowledges Wilson's need for his legal documents, but

17    a TRO is not the proper legal instrument to obtain such relief. The parties should work to

18    collaboratively resolve Wilson's complaint regarding access to his legal documents so he

19    may adequately prepare his case.

20       This case is now almost four years old, and the dispositive motion deadline was

21    June 3, 2022. The Court has ruled that there is a genuine issue of material fact on

22    Wilson's retaliation claim based on Poor's alleged threats against him and the case is

ORDER - 4

1  ready to be set for trial. Wilson should focus his efforts on preparing his remaining claim

2  for trial. The referral to Judge Fricke is therefore TERMINATED. The parties shall meet

3  and confer about a potential trial schedule and submit a JOINT STATUS REPORT by

4  June 2, 2023, with suggested trial dates. To the extent the parties still dispute Wilson's

5  access to his legal documents, that issue should also be addressed in the joint report.

6     The Court, having considered the R&R, Plaintiff's objections, and the remaining

7  record, does hereby order as follows:

8     (1)   The R&Rs are **ADOPTED**;

9     (2)   Wilson's Motion for Judgment on the Pleadings, Dkt. 80, Motions for

10          Temporary Restraining Order, Dkts. 97, 101, 102, and Motion for

11          Supplemental Pleading, Dkt. 103, are **DENIED**;

12    (3)   The referral to Judge Fricke is **TERMINATED**; and

13    (4)   The parties shall submit a **JOINT STATUS REPORT** with proposed trial

14          dates by June 3, 2023.

15  Dated this 4th day of May, 2023.

16

17

18                                          BENJAMIN H. SETTLE
                                            United States District Judge

19

20

21

22

ORDER - 5