UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIO WILSON,

                Plaintiff,

    v.

RICHARD POOR,

                Defendant.

CASE NO. C19-5920 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Mario Wilson's (second) Motion for Appointment of Counsel, Dkt. 141. Wilson is incarcerated. He asserts that he is not an attorney and has no trial experience, and that he cannot afford to hire an attorney. The case is scheduled for a two day jury trial beginning February 6, 2024. Dkt. 147.

Wilson has a single remaining claim arising out of an incident at Stafford Creek Corrections Center, where Wilson was a prisoner. Wilson alleges he requested a Ramadan meal and Defendant Richard Poor, a kitchen worker, threatened him with violence in response. Wilson's remaining claim is that Poor retaliated against him for exercising his right to file a grievance.

1    There is no constitutional right to counsel for an indigent plaintiff in a civil case

2  unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v.*

3  *Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. §

4  1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are

5  proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d

6  564, 569 (9th Cir. 1995).

7    The Court will appoint counsel under only "'exceptional circumstances.'" *Id.*

8  (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)); *accord Wilborn v.*

9  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional

10  circumstances requires an evaluation of both 'the likelihood of success on the merits and

11  the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the

12  legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d

13  952, 954 (9th Cir. 1983)). These factors must be viewed together before reaching a

14  decision on whether to appoint counsel under § 1915(e)(1). *Id.*

15    Poor asserts that Wilson is not entitled to court-appointed counsel under this

16  standard because Wilson has demonstrated that he can articulate his claims, the claims

17  are not complicated, and, although he has survived summary judgment, he has not

18  demonstrated that he is likely to succeed on the merits. Dkt. 143.

19    The Court agrees on all points. It also notes that it already denied Wilson's earlier

20  request for a court-appointed attorney, and he has articulated his claims well enough

21  since that time to survive several attempts at dismissing the case. The Court agrees that

22  the issues are not at all complex. It also cannot conclude that Wilson's case presents the

1    sort of exceptional circumstance requiring a court-appointed attorney. He has not

2    demonstrated that he is likely to succeed on the merits of his claim.

3        The Motion for Appointment of Counsel, Dkt. 141, is **DENIED**.

4        IT IS SO ORDERED.

5        Dated this 30th day of June, 2023.

6

7    _____

8    BENJAMIN H. SETTLE
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22